Jaburg & Wilk, P.C.
1850 N. Central Avenue, Suite 1200
Phoenix, AZ 85004
(602) 248-1000

Lawrence E. Wilk
lew@jaburgwilk.com
Justin D. Yetter (038956)
jdy@jaburgwilk.com

Attorney for Donna Jean Jackson

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>David R. Jackson,<br><br>   Debtor. | In Proceedings Under Chapter 7<br><br>Case No. 2:24-bk-03285<br><br>Adversary No. |
| Donna Jean Jackson, an individual,<br><br>   Plaintiff,<br><br>vs.<br><br>David R. Jackson, an individual<br><br>   Defendant. | **Complaint to Determine Dischargeability of Debt Under**:<br><br>1. False Pretense, False Representation, or Actual Fraud (11 U.S.C. §523(a)(2))<br>2. Debt to Former Spouse Incurred In The Course Of A Divorce (11 U.S.C. §523(a)(15))<br>3. Lack of Notice (11U.S.C. §523(a)(3)) |

   Donna Jean Jackson ("Plaintiff" or "Ms. Jackson), through counsel undersigned, for their Complaint against the Defendant David R. Jackson ("Defendant" or "Mr. Jackson"), hereby alleges as follows:

## <u>STATEMENT OF JURISDICTION</u>

   1.  The Plaintiff, Donna Jackson, is an individual residing in Maricopa County, Arizona. Plaintiff is a creditor in the voluntary Chapter 7 proceeding commenced on April 29, 2024, Case No. 2:24-bk-03285.

24142-24142-00001\JDY\AMC\6219646v1

JABURG WILK<br>LAW FIRM

2. The Defendant, David Jackson, is an individual residing in Maricopa County, Arizona. Mr. Jackson is the Debtor in the voluntary Chapter 7 proceeding commenced on April 29, 2024, Case No. 2:24-bk-03285.

3. This Court has original and exclusive jurisdiction over this proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. This "Complaint to Determine Dischargeability of Debt" is brought under the United States Bankruptcy Code, 11 U.S.C. §523(a)(2)(c)(II) and commences an adversary proceeding within the meaning of Federal Bankruptcy Rule 701 and local Bankruptcy Rule 7001.

4. Venue is properly in this district pursuant to 28 U.S.C. §1409(a), as this proceeding arises in and relates to a case under the Bankruptcy Code which is pending in this District.

5. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I).

**GROUNDS FOR DETERMINATION OF NONDISCHARGEABILITY**

6. The Plaintiff is a creditor of the Debtor, Defendant David Jackson.

7. The Defendant's liability to Plaintiff arises from a Decree of Dissolution of Marriage Judgement entered by the Maricopa County Superior Court on September 2, 2020. **Exhibit A Decree of Dissolution of Marriage**.

8. At the conclusion of the divorce proceedings, the court found that Mr. Jackson "concealed and fraudulently disposed of Wife's sole and separate funds and forged her signature on key documents leading to the re-characterization of Wife's sole and separate property". Id at pg. 3.

9. Specifically, the court found that Mr. Jackson forged Ms. Jackson's signature on documents which converted a home, purchased with Ms. Jackson's sole and separate funds, and which the court found Ms. Jackson intended to keep as her sole and separate property, to marital community property. *Id* at pg. 4.

24142-24142-00001\JDY\AMC\6219646v1

10.     Further, the court found that Mr. Jackson "intentionally, improperly, and without authorization" transferred $390,509 of Ms. Jackson's sole and separate funds from her investment account into his business account. Id. at pg. 7.

11.     The court found that these fraudulent actions by Mr. Jackson met the criteria in A.R.S. § 25-318(C), which allows for unequal division of community property in the event of concealment or fraudulent dispositions of property. Id. at pg. 3.

12.     As a result of the fraud perpetrated by Mr. Jackson, the court entered judgment in favor of Ms. Jackson in the amount of $497,556.99, plus interest at a rate of 3.25%. Id. at pg. 7.

13.     Defendant later filed a voluntary chapter 7 bankruptcy, which was filed on April 29, 2024.

14.     Defendant failed to list Plaintiff on the schedule of creditors, despite his outstanding debt to Plaintiff from the Decree of Dissolution of Marriage, as he was required to do. **Exhibit B Schedule of Creditors**.

15.     Plaintiff, due to Defendant's omission, did not receive notice of Defendant's voluntary bankruptcy proceedings in time to file a proof of claim.

## <u>COUNT ONE</u>

**(False Pretenses, False Representation, or Actual Fraud under 11 U.S.C. § 523(a)(2))**

16.     Plaintiff realleges each and every allegation stated above and incorporate the same herein as though set forth at length.

17.     11 U.S.C. § 523(a)(2) does not discharge a debtor from any debt for money or property which was obtained through false pretenses, false representation, or actual fraud.

18.     Defendant made false representations and fraudulently forged Ms. Jackson's signature on key documents leading to the re-characterization of Ms. Jackson's home, which was classified as her sole and separate property.

3

JABURG WILK
LAW FIRM

19. Defendant also fraudulently and without authorization disposed of Ms. Jackson's sole and separate funds, which he seized from her investment account, and transferred to his business account.

20. As a result, the Maricopa County Superior Court entered judgment against Defendant for damages stemming directly from his fraudulent behavior and false representations.

WHEREFORE, pursuant to 11 U.S.C. § 523(a)(2), Plaintiff hereby prays for judgment against Defendant, as follows:

A. For an Order from the Court declaring that the amount owed to Plaintiff by Defendant, plus accrued and accruing interest, costs and attorneys' fees is not discharged and Defendant shall remain fully liable to Plaintiff.

B. For interest on the foregoing at the rate of 10% per annum from the date due until paid in full.

C. For Plaintiff's costs and attorneys' fees incurred herein.

D. For such other and further relief as the Court deems just and proper.

## COUNT TWO

**(Debt to a Former Spouse Incurred by the Debtor in the Course of a Divorce under 11 U.S.C. § 523(a)(15)**

21. Plaintiff realleges each and every allegation stated above and incorporate the same herein as though set forth at length.

22. 11 U.S.C. § 523(a)(15) does not discharge a debtor from any debt to a former spouse, that is not a domestic support obligation, which was incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record.

23. The judgment entered by the court in favor of Plaintiff against Defendant was a division of the community property, not a judgment for alimony, support, or other domestic support obligation under 11 U.S.C. § 523(a)(5).

24142-24142-00001\JDY\AMC\6219646v1

4

JABURG WILK

LAW FIRM

24. The debt was incurred by debtor as a direct result of the Decree of Dissolution of Marriage entered by the Maricopa County Superior Court.

WHEREFORE, pursuant to 11 U.S.C. § 523(a)(15), Plaintiff hereby prays for judgment against Defendant, as follows:

A. For an Order from the Court declaring that the amount owed to Plaintiff by Defendant, plus accrued and accruing interest, costs and attorneys fees is not discharged and Defendant shall remain fully liable to Plaintiff.

B. For interest on the foregoing at the rate of 10% per annum from the date due until paid in full.

C. For Plaintiff's costs and attorneys' fees incurred herein.

D. For such other and further relief as the Court deems just and proper.

## COUNT THREE

### (Lack of Notice to Creditor under 11U.S.C. §523(a)(3))

25. Plaintiff realleges each and every allegation stated above and incorporate the same herein as though set forth at length.

26. 11 U.S.C. § 523(a)(3) does not discharge a debt where a creditor, whom a debt is owed, is not given proper notice in time to permit the debtor to timely file a proof of claim.

27. Plaintiff is a creditor of Defendant and Debtor, Mr. Jackson.

28. Debtor's obligation to Plaintiff arises out of the Decree of Dissolution of Marriage judgment entered by the Maricopa County Superior Court.

29. Plaintiff was not listed on Defendant's bankruptcy schedule and as a result received no notice and was unable to timely file a proof of claim.

WHEREFORE, pursuant to 11 U.S.C. § 523(a)(3), Plaintiff hereby prays for judgment against Defendant, as follows:

24142-24142-00001\JDY\AMC\6219646v1

5

1          A.      For an Order from the Court declaring that the amount owed to

2  Plaintiff by Defendant, plus accrued and accruing interest, costs and attorneys' fees is not

3  discharged and Defendant shall remain fully liable to Plaintiff.

4          B.      For interest on the foregoing at the rate of 10% per annum from the

5  date due until paid in full.

6          C.      For Plaintiff's costs and attorneys' fees incurred herein.

7          D.      For such other and further relief as the Court deems just and proper.

8          **DATED** this 26th day of September, 2024.

9                                          **JABURG & WILK, P.C.**

10                                         */s/ Lawrence E. Wilk*
                                           Lawrence E. Wilk
11                                         Justin D. Yetter
                                           Attorney For Donna Jean Jackson
12